IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RONG RAN and
WILLIAM WALSH,[1]

    Plaintiffs,

v.                               CASE NO. 1:17-cv-168-MW-GRJ

VA HOSPITAL, GAINESVILLE, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a complaint against the VA Hospital in Gainesville as well as Ella Long and Deb Bogash, employees at the DCF Gainesville Office. (ECF No. 1.) For the reasons discussed below, the undersigned recommends that Plaintiff's complaint be dismissed without leave to amend.

## DISCUSSION

In her complaint, Plaintiff alleges that she was issued a notice of trespass by the VA Hospital in Gainesville and DCF in Gainesville that prevents her from visiting her husband, William Walsh, at the VA Hospital. Plaintiff says that she has been deprived of her right to be with her spouse

---

[1] Although William Walsh is listed as a Plaintiff on the civil rights complaint form, the complaint is signed by Rong Ran only. Accordingly, Rong Ran is the only proper Plaintiff in this case.

and that her husband has been deprived of his right to "to hear the loving and soothing voice of his loving wife." Further, Plaintiff alleges that she received this trespass notice without due process or a hearing. As relief, Plaintiff requests only that the Court lift the "injunction/trespass notice," although it is unclear whether the injunction Plaintiff refers to is the same as the notice of trespass or also some other injunction put in place by DCF.

With regard to Plaintiff's claim that Defendants violated her right to be with her spouse, Plaintiff has failed to allege any provision of the Constitution that provides Plaintiff with this right, nor is the Court aware of any such right. While the Court acknowledges that Plaintiff has clearly expressed a strong desire to be with her sick husband and may have a moral right to do so, Plaintiff has no constitutional right to fulfill that desire. Accordingly, Plaintiff has failed to state a claim that Defendants violated any federal constitutional or statutory right by preventing her from being with her husband.

With regard to Plaintiff's claim that Defendants violated her right to due process and a hearing, Plaintiff has failed to state a claim against Defendants. The Fifth Amendment says that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S.

Const. amend. V. In determining whether a plaintiff has a procedural due process claim, the Court first must decide "whether the plaintiff had a protected liberty or property interest that was infringed by government action." *Tie Qian v. Sec'y, Dep't of Veterans Affairs*, 432 F. App'x 808, 811 (11th Cir. 2011) (citing *Ross v. Clayton Cty., Ga.*, 173 F.3d 1305, 1307 (11th Cir. 1999)). If there has been such a deprivation, the Court "must determine if the individual in question received sufficient process regarding that deprivation." *Id.*

In this case, Plaintiff had no protected liberty or property interest that was infringed through the issuance of a trespass notice. A trespass notice is just that: notice that if Plaintiff fails to abide by the restrictions listed on the trespass notice, she *may* be subject to arrest or prosecution. Yet this warning does not prevent Plaintiff from moving about freely nor does it infringe upon her liberty in any way. Because Defendants did not infringe upon any protected liberty or property interest of Plaintiff's, the Court need not determine whether Plaintiff received adequate process. Accordingly, Plaintiff has failed to state a claim that Defendants violated her right to due process.

Lastly, to the extent that Plaintiff is attempting to challenge an

injunction by DCF that is separate from the trespass notice, Plaintiff has again failed to allege a claim for which this Court can grant relief. To start, Florida law dictates the process for the issuance of various injunctions, such as injunctions to protect against child abuse or domestic violence. *See, e.g.*, Fla. Stat. §39.504 (child abuse); Fla. Stat. §741.30 (domestic violence). To the extent that Plaintiff takes issue with a state court's issuance of an injunction, the appropriate place to appeal that determination is in a state appellate court. Plaintiff cannot challenge an injunction put in place by a state court in this Court unless the injunction violates the Constitution, and Plaintiff has failed to allege any constitutional violation. *See Graham v. Florida*, No. 2:08-cv-616-FtM-29SPC, 2008 WL 4559717 (M.D. Fla. Oct. 13, 2008) (stating that the *Rooker-Feldman* doctrine prevents federal district courts from reviewing state-court injunctions). Accordingly, Plaintiff has failed to state a claim regarding any constitutional violation by DCF through the issuance of an injunction, so she cannot challenge any such injunction in this Court.

While a *pro se* Plaintiff would normally be afforded an opportunity to amend her complaint, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).   Because, even liberally construed, the facts alleged

do not suggest that Plaintiff could amend her complaint to assert any cognizable claims for relief that this Court could properly grant—such as a claim that Defendants violated one of Plaintiff's federal statutory or constitutional rights—the Court concludes that amendment of the complaint would be futile.

### RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that:

Plaintiff's complaint, ECF No. 1, should be **DISMISSED** without leave to amend and all pending motions **TERMINATED.**

**IN CHAMBERS** this 12th day of July 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**